IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ROBERT D. INGRAM**     **PETITIONER**

**v.**     **No. 4:99CR56-B**

**UNITED STATES OF AMERICA**     **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Robert D. Ingram for a writ of *habeas corpus* under 28 U.S.C. § 2255. The government has answered the petition, and the matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed.

### Facts and Procedural Posture

On July 2, 1999, the federal grand jury for the Northern District of Mississippi returned a one count Indictment naming Robert Ingram as a defendant. He was charged with distribution and possession with intent to distribute a substance containing cocaine base (crack cocaine) on March 5, 1999, in violation of Title 21 United States Code § 841(a) and (b)(1)(B). On September 14, 1999, Robert Ingram entered a plea of guilty to Count One of the Indictment pursuant to a written plea agreement. At his change of plea, the district court, under FED. R. CRIM. P. 11, reviewed all core concerns with the petitioner, including statutory minimum and maximum sentences for the charged offense. (Plea Tr. 8). During the hearing the petitioner agreed with the facts recited by the government regarding the charge. (Plea Tr. 11).

Following the petitioner's guilty plea, he was interviewed by the United States Probation Service, which compiled information gleaned during its investigation into a Presentence Investigation Report ("PSR"). The report stated that the petitioner should be held accountable for 85.05 grams of crack cocaine. The petitioner posed no objections to the presentence report prior to his sentencing hearing.

On November 23, 1999, Robert Ingram appeared before the District Court for sentencing. At the hearing, neither counsel nor Ingram voiced any objections to the district court concerning the amended presentence report's restricted guideline computation and findings. After consideration of the record as a whole, the District Court sentenced the petitioner to 165 months in prison. (Sent. Tr. 7)

On direct appeal, Ingram contended that his sentence was unconstitutional because his criminal history included misdemeanor convictions for which it was unclear whether he was represented by counsel. The Fifth Circuit Court of Appeals found no error in sentencing. On November 27, 2000, Ingram was convicted of manslaughter and sentenced to fourteen years imprisonment within the Mississippi Department of Corrections. He filed the instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2255 on October 17, 2003.

## Discussion

The instant petition is untimely filed under 28 U.S.C. § 2255, which states, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The court entered judgment in this case November 30, 1999. As such, the deadline for Robert Ingram to file a petition for *habeas corpus* relief under 28 U.S.C. § 2255 expired November 30, 2000. The October 17, 2003, petition was thus filed 1,051 days late and is untimely under the statute. As the petitioner has shown no "rare and exceptional circumstances" that would warrant equitable tolling in this case, *Fisher v. Johnson*, 174 F.3d 710, 713, 715-716 (5th Cir. 1999), the instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2255 shall be dismissed with prejudice as untimely filed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 21st day of March, 2007.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE